UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CAROLYN ELLIS, <br><br> Plaintiff, <br><br> v. <br><br> J.E.A.N. TEAM TASK FORCE, et al., <br><br> Defendants. | CAUSE NO. 1:19-CV-240-WCL-SLC |

OPINION AND ORDER

Carolyn Ellis, without counsel, filed a complaint against twelve defendants for events that occurred on March 26, 2019. She also filed a motion for leave to proceed in forma pauperis. When presented with an IFP application, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *See Smith-Bey*, 841 F.2d at 757. A court must dismiss a case at any time if it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To determine whether the suit states a claim under 28 U.S.C. section 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded

factual allegations as true and view them in the light most favorable to the plaintiff. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Ellis satisfies the financial prong of the analysis, but the complaint falls short of what is required to state a claim. The complaint alleges that on March 26, 2019, at approximately 3:45 P.M., police officers from the Marion Police Department and the Grant County Sheriff's Department entered Ellis's residence at 707 S. Gallatin Street in Marion, Indiana (the Residence) with their guns drawn. They ordered everyone to the ground and then handcuffed them. The officers seized "all of the cameras, surveillance, electronics, money, and the phone" from the Residence. ECF 1 at 4. According to Ellis, the officers did not have a proper warrant or probable cause affidavit because "the warrant presented didn't have a signature stamp or seal to validate that it had been approved by a Judge or Magistrate." *Id*. Ellis believes the warrant produced was "either forged or signed invalid." *Id*. Ellis was then taken to the Grant County Jail and detained for approximately fourteen hours before being released; she was not charged with a crime at that time. She claims that she was subjected to false arrest, false imprisonment, excessive force, and an unreasonable search and seizure in

violation of the Fourth Amendment and state law. She has sued the defendants for monetary damages.

Ellis cannot proceed on this complaint for several reasons. First and foremost, Ellis names multiple defendants, but none are mentioned in the body of the complaint. She refers generally to the "officers" but does not describe any particular action taken by any individual defendant. Therefore, she has not stated a claim against any of them. *See Lennon v. City of Carmel, Ind.*, 865 F.3d 503, 507–08 (7th Cir. 2017) (failure to allege that named defendants were personally involved is a "fatal flaw" in a suit under 42 U.S.C. § 1983).

Ellis does attach several documents to her complaint. Even if these documents are considered pursuant to Federal Rule of Civil Procedure 10(c), her claims may not proceed. She submits several police case reports, including one authored by Defendant Michael W. Ross. *See* ECF 1 at 7–11, 16. Detective Ross indicates that he was called to assist with a suspicious package at UPS on March 25, 2019. He received verbal consent from the shipping company to inspect the package. Based on his training and experience, he detected the smell of marijuana emanating from the package from ten feet away. He then returned to the J.E.A.N. Team Drug Task Force Office and applied for a search warrant through Magistrate Brian McLane of Grant Superior Court, which was granted. The parcel was retrieved and opened at the J.E.A.N. Team office. It contained clothing items and multiple marijuana products. The products were returned to the box along with a GPS and audio-video recording device.

Detective Ross contacted Judge McLean, and an oral probable cause hearing was conducted regarding a search of the location the package would be opened in. According to Detective Ross's report, "[n]ot knowing where that house would be, the hearing was ended after probable cause was presented but before the location to be searched was named." ECF 1 at 9. The package was then delivered to the Residence according to the address on the label, and the officers "maintained constant surveillance on the package and where it was." *Id*. A black male, known to Detective Ross as Tyrone Ellis, exited the Residence, picked up the package, and returned into the house with it. The device inside the box recorded a visual of the box being opened, and a female voice was heard saying, "fuck" and "there's a phone." *Id*. At that point, Detective Ross believe that the evidence or equipment was going to be destroyed, so he advised the officers to make contact with the subjects inside. The other officers entered the Residence and secured the occupants as well as the package. Detective Ross then contacted Judge McLean again and advised him of the events that had transpired. He requested a warrant to search the Residence, which was granted. A copy of the search warrant, which notes that oral probable cause was presented to the court, is attached to the complaint. ECF 1 at 13.

The Residence was searched, and multiple items were seized including what appeared to be drugs, drug paraphernalia, and guns. Several of those items were found in Ellis's bedroom in her nightstand, closet, and under her bed. *See* ECF 1 at 9–10 (listing items seized). Detective Ross later interviewed Mindy Ellis, Tyrone Ellis, and Tyshae Butler at the Grant County Sheriff's Department. Mindy Ellis stated that Ellis was her

4

aunt who was known to smoke marijuana inside the Residence. Tyrone Ellis stated that he lived in the Residence with his mother—Ellis—and that the other people involved were relatives who were visiting. Ellis herself was not interviewed but was found to be in possession of $3,100 in a Crown Royal bag in her waistband when she arrived at the Grant County Jail. The money was seized and held for civil forfeiture. Detective Ross requested that drug charges be filed against Ellis and others based on the events described.

According to a bond report dated March 26, 2019, attached to the complaint, Ellis was released on bond for the crimes of possession of a schedule 1 substance, possession of marijuana, and maintaining a common nuisance. ECF 1 at 14. Also attached is a summons dated April 2, 2019, which indicates that a Complaint for Forfeiture regarding the seizure of the $3,100 was filed against her. ECF 1 at 17.

Magistrate Judge Brian McLane and Detective Ross are the only individual defendants mentioned in the documents attached to the complaint. As to Judge McLean, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted). There is no indication that Judge McLean acted without jurisdiction, so he is immune from suit.

5

As to Detective Ross,[1] Ellis alleges she was falsely arrested and falsely imprisoned. In order to prevail on a false arrest or false imprisonment claim brought pursuant to the Fourth Amendment, the plaintiff must show a lack of probable cause. *McBride v. Grice*, 576 F.3d 703, 706-07 (7th Cir. 2009); *Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993). "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 Fed. Appx. 612, 615 (7th Cir. 2019) (the lack of probable cause precludes § 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). Here, according to the documents Ellis has attached to the complaint, there was probable cause to arrest her which is an "absolute bar" to her Fourth Amendment claims. *McBride*, 576 F.3d at 707. Detective Ross's report details a sequence of events that began with an electronically monitored package containing marijuana being delivered to the Residence where Ellis lived and was present and ended with a search being conducted that led to a gun and what appeared to be drugs and paraphernalia being found in Ellis's bedroom. An officer has probable cause to arrest "if a reasonable person would believe, based on the facts and circumstances known at the time, that a crime had been committed." *Id*. Based on these

---

[1] Detective Ross is the only police officer named as a defendant who is referenced in the documents attached to the complaint. Ellis names Cpl. Melissa Shuyat, but she does not appear in any of the documents or the body of the complaint itself. *See Lennon*, 865 F.3d at 507 (failure to allege that named defendants were personally involved is a "fatal flaw" in a suit under 42 U.S.C. § 1983); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). Ellis has also sued Police Officer Unknown, but "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

facts—which were known to Detective Ross at the time of the arrest according to the documents attached to the complaint—a reasonable person would have believed there was proof of a crime. Therefore, there was probable cause to arrest Ellis, and these claims will be dismissed.[2]

Additionally, Ellis believes that the search of the Residence and the seizure of the items pursuant to it were unlawful because the warrant was either "forged or signed invalid." ECF 1 at 4. "An arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly misstated or omitted material facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate." *Gatzimos v. Garrett*, 431 Fed. Appx. 497, 500 (7th Cir. 2011). Ellis does not allege that the material facts presented to Magistrate McLane were misstated or false. According to the documents attached to the complaint—including the search warrant itself—an oral probable cause hearing was conducted, and the search warrant was issued pursuant to those communications. *See* Federal Rules of Criminal Procedure 4.1(a) ("A magistrate judge may consider information communicated by telephone or other reliable electronic means when reviewing a complaint or deciding whether to issue a warrant or summons.") and Indiana Code 35-33-5-8 (authorizing issuance of a warrant upon sworn testimony and without an affidavit). There is no constitutional requirement that a warrant must only

---

[2] The fact that probable cause existed to arrest her also dooms Ellis's false arrest and false imprisonment claims brought pursuant to Indiana law. *See Bentz v. City of Kendallville*, 577 F.3d 776, 779–80 (7th Cir. 2009) (noting that the standards for a § 1983 illegal seizure/false arrest claim are the same for an Indiana state law false imprisonment claim and false arrest claim).

be issued based on a written affidavit. And, even if the signature on the search warrant was not Judge McLane's, that would not invalidate it. *See Missouri v. McNeely*, 569 U.S. 141, 154 (2013) ("Well over a majority of States allow police officers or prosecutors to apply for search warrants remotely through various means, including telephonic or radio communication, electronic communication such as e-mail, and video conferencing."). These claims will be dismissed as well.

Ellis also alleges that she was subjected to excessive force during the encounter. In general, officers executing a search warrant for contraband have the authority "to detain the occupants of the premises while a proper search is conducted." *Michigan v. Summers*, 452 U.S. 692, 705 (1981). In addition, they are authorized to "use reasonable force to effectuate the detention." *Muehler v. Mena*, 544 U.S. 93, 98–99 (2005) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Here, the only facts presented in the complaint related to that allegation are that the police officers entered the Residence with their guns drawn, forced the occupants to the floor, and placed them in handcuffs. Even if Detective Ross was personally involved in those actions, which it does not appear that he was, these allegations do not state a claim. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (in order to state a claim, a plaintiff must plead sufficient factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

A mentioned above, the remaining individual defendants are not named in the body of or attachments to the complaint, so they will be dismissed. *See Lennon*, 865 F.3d at 507–08. Of relevant note, she has sued Rodney L. Faulk, the Grant County Prosecutor,

8

and Don Galloway, whom she lists as the city attorney. "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Id*. (internal quotation marks and citation omitted). Thus, even if Ellis would have named them in the body of the complaint, it is unlikely that she has any claims against them regardless.[3]

Likewise, Ellis has named the Chief of the Marion Police Department, the Grant County Sheriff (Reggie Nevels), and the Mayor of the City of Marion as defendants. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). It is not reasonable to infer that these defendants were personally involved in the events at issue, so they cannot be held liable.[4]

---

[3] It is unclear what role Attorney Galloway played in the events leading up to this lawsuit. Even if Attorney Galloway was a criminal defense attorney rather than a prosecutor, Ellis still does not have a claim against him. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (A criminal defense attorney, even an appointed public defender, does not act under color of state law.)

[4] Nor has Ellis alleged any relevant policy or practice that would trigger official capacity liability here. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (to pursue a claim under section 1983 against a local governmental agency, a plaintiff must allege that her injury was the result of the entity's official policy, custom, or practice).

9

Finally, Ellis has sued several entities. She has named the Garrison Law Firm as a defendant. The law firm is listed on a summons form attached to the complaint that notifies Ellis of the forfeiture action initiated by the State of Indiana against her. The fact that an attorney at the Garrison Law Firm signed a summons form does not allege any sort of valid claim. She has also sued the Chronicle Tribune, but it is entirely unclear why Ellis is suing the Tribune as that entity is not mentioned anywhere in the complaint or attachments. Finally, Ellis has named the J.E.A.N. Team Drug Task Force in this lawsuit. Even assuming, *arguendo*, that the J.E.A.N. Team Drug Task Force is a separate legal entity capable of being sued which is unlikely,[5] Ellis has not identified any policy or practice that would subject it to liability. *See e.g. Est. of Sims ex rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Thus, Ellis has not stated a claim against any defendant.

While Ellis cannot proceed on this complaint, she will be granted opportunity to amend it. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013). If she chooses to file an amended complaint, she must do so on this court's approved form—Civil Complaint (INND Rev. 8/16)—which is available on the court's website at https://www.innd.uscourts.gov/sites/innd/files/CvCmplt.pdf. She must put the cause number of this case on it, which is on the first page of this order. As the instructions on the court's complaint form explain, Ellis needs to write a short and plain

---

[5] *See Eversole v. Steele*, 59 F.3d 710, 716 and n. 6 (7th Cir. 1995) (describing a drug task force team as a "multi-jurisdictional effort of law enforcement agencies . . . to stop or at least control drug activity" and noting that the task force was not an official entity with rules or regulations of its own); *see also* Ind. Code §36-1-7-7(a)(2) ("An entity providing visiting personnel remains responsible for the conduct of its personnel . . ..").

statement telling what each defendant did wrong. She needs to explain when, where, why, and how each defendant violated her rights. She needs to include every fact necessary to explain her case and describe her injuries or damages. She needs to use each defendant's name every time she refers to that defendant. Additionally, Ellis needs to either pay the filing fee or file a motion to proceed in forma pauperis, including her updated financial information, on the court's approved form—AO 239 (Rev. 1/15) (INND Rev. 8/16)—which is also available on the court's website at https://www.innd.uscourts.gov/sites/innd/files/AO239.pdf.

For these reasons, the court:

(1) DENIES the motion to proceed in forma pauperis (ECF 2);

(2) GRANTS Carolyn Ellis until **September 28, 2020**, to file an amended complaint **and** either pay the filing fee or file an updated motion to proceed in forma pauperis on the court's approved forms; and

(3) CAUTIONS Carolyn Ellis that, if she does not respond by this deadline, the case will be dismissed without further notice because the current complaint does not state a claim.

SO ORDERED on August 26, 2020.

    s/William C. Lee  
    JUDGE WILLIAM C. LEE  
    UNITED STATES DISTRICT COURT